MILLS, Judge.
In this workers’ compensation appeal from a modification order, we are asked to decide whether the deputy commissioner erred in modifying a February 1985 order and in finding Faniel has a 20% permanent partial disability from his industrial accident. A question is also raised as to whether the deputy commissioner erred in awarding temporary total disability (TTD) benefits from May 1985 until October 1985. We affirm.
The initial order entered in this case on 19 February 1985 denied TTD benefits from 8 November 1984 forward. Implicitly the word “forward” in this context meant up until the time of the hearing and not beyond. In the order under appeal, the deputy commissioner still denies TTD benefits for the period of November 1984 through February 1985. Hence, the present order is not a modification of the earlier order, and its statement to this effect is erroneous. We therefore eliminate this language and amend the order to reflect that it is a new order and not a modification. As regards the deputy commissioner’s finding of a “20% permanent partial disability” in the same provision of the order, we find this language was not used as a term of art, but rather used to express the finding that Faniel has a permanent residual impairment from his industrial accident. The deputy makes this statement in connection with his finding of a substantial change “in the factual situation” of the case in order to support what he erroneously termed a modification order. No award was prompted by this finding.
Further, there is no question that the deputy commissioner’s finding of TTD for the period of May 1985 until October 1985 is supported by competent substantial evidence, namely: the uncontroverted medical testimony of Doctors Feldman, Hollister, and Sypert. See Bradley Construction v. White, 457 So.2d 547 (Fla. 1st DCA 1984). The E/C’s argument under this issue misses the point. In deciding whether TTD benefits were properly awarded for the period in question, it is not necessary to reach the issue of whether the 20% permanent partial disability caused by Dr. Feldman’s surgical treatment is causally related to Faniel’s industrial accident. To reach such a question, Faniel would have to make a claim for, and be awarded, wage-loss benefits based on the assigned disability rating.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.